ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Court File No. CV-00-975 RHK/JMM

Thomas Trevis,

Plaintiff,

vs.

Ralph J. Overholt,

Defendant.

**ORDER**

**IT IS HEREBY ORDERED**:

1. Defendant Ralph Overholt may serve the attached Summons and Third-Party Complaint on Springer, Inc. d/b/a Springer Collections.

~~**LET JUDGMENT BE ENTERED ACCORDINGLY.**~~

Dated: 7/19, 2000

The Honorable John M. Mason
U.S. District Court Magistrate Judge

1190061.1

FILED JUL 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

Court File No. CV-00-975 RHK/JMM

Thomas Trevis,

Plaintiff,

vs.

Ralph J. Overholt,

Defendant.

**STIPULATION**

The parties through their undersigned counsel, hereby stipulate and agree that Defendant Ralph Overholt may serve the attached Summons and Third-Party Complaint on Springer, Inc. d/b/a/ Springer Collections.

Dated: July 14, 2000

**BRIGGS AND MORGAN, P.A.**

By [signature]
Timothy R. Thornton (#109630)
Kristin R. Sankovitz (#296776)
2400 IDS Center
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR DEFENDANT RALPH J. OVERHOLT**

1188418.1

FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Dated: July 17, 2000

**CONSUMER JUSTICE CENTER, P.A.**

By ______________________
Thomas J. Lyons, Jr. (#249646)
1560 Beam Avenue, Suite A
Maplewood, MN 55109
(651) 770-9707
(651) 714-8800

**ATTORNEY FOR PLAINTIFF THOMAS TREVIS**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ralph J. Overholt,

Plaintiff.

v.

Springer, Inc. d/b/a/
Springer Collections,

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: Springer, Inc. d/b/a/ Springer Collections, Steve Hannig, President, 876 East Seventh Street, St. Paul, MN 55106-0459.

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY, Briggs and Morgan, 2400 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, an answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

CLERK

DATE

BY DEPUTY CLERK

1188444.1

RETURN OF SERVICE

Service of the Summons and Complaint was made by me[1] on (Date) ____________________ .

Name of Server: ________________________________
Title: ____________________________________

Method of Service:

___ Served personally upon the defendant. Place where served:

________________________________________________________________

________________________________________________________________

___ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

________________________________________________________________

___ Returned unexecuted: ____________________________________

________________________________________________________________

________________________________________________________________

___ Other (specify): ________________________________________

________________________________________________________________

________________________________________________________________

**STATEMENT OF SERVICE FEES**

**Travel:** ________________ **Services:** __________________________ **Total:** _____________

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on __________________ ____________________________________________________
Date Signature of Server

____________________________________________________
Address of Server

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Court File No. CV-00-975 RHK/JMM

Thomas Trevis,

Plaintiff,

vs.

Ralph J. Overholt,

Defendant and Third-Party Plaintiff,

vs.

Springer, Inc. d/b/a/ Springer Collections,

Third-Party Defendant.

**DEFENDANT RALPH OVERHOLT'S THIRD-PARTY COMPLAINT**

**JURY TRIAL DEMANDED**

For his Third-Party Complaint against Springer, Inc. d/b/a/ Springer Collections, Ralph Overholt states:

## Parties

1. Third-Party Plaintiff Ralph Overholt ("Overholt") resides in Minnesota, with his business address in Hopkins and a mailing address at P.O. Box 5331, Hopkins, MN 55343-2331.

2. Third-Party Defendant Springer, Inc. d/b/a Springer Collections ("Springer") is a Minnesota corporation headquartered at 876 East Seventh Street, St. Paul, MN 55106-0459.

## Jurisdiction and Venue

3. The original action asserts jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

4. This Court has supplemental jurisdiction over third-party claims against Springer pursuant to 28 U.S.C. § 1367(a).

5. This Court has venue over this Third-Party Complaint under 28 U.S.C. § 1391(b). Overholt resides in this judicial district and a substantial part of the events or omissions giving rise to the alleged claim occurred in this district.

**Background**

6. On or about January 2, 1993, Plaintiff incurred a $2,458.00 consumer debt with Mr. Chuck Metz ("Metz") for rent due under a lease.

7. Metz turned the debt over to Springer for collection on June 15, 1994.

8. On September 14, 1994, Springer hired Overholt to represent Metz.

9. On January 13, 1995, Overholt, who was retained by Springer for Metz, served a Summons and Complaint on Plaintiff to collect the debt.

10. Plaintiff has failed to answer the Complaint to date. Because of this failure, judgment could have been entered on behalf of Metz against Plaintiff anytime after February 2, 1995.

11. On February 4, 1999, Plaintiff engaged in a telephone conversation with a Springer employee, to whom he gave his pager number.

12. On March 24, 1999 and June 10, 1999, a Springer employee paged Plaintiff.

13. On June 10, 1999, Plaintiff returned Springer's page. A Springer employee called the phone number from which Plaintiff had placed the call. That phone number connected the Springer employee to Atlantic.

14. The Springer employee verified that Plaintiff worked at Atlantic full time.

15. On July 26, 1999, Springer directed Overholt to garnish Plaintiff at Atlantic.

16. Overholt, in good faith, believed that Plaintiff was employed at Atlantic and that the garnishment was proper.

17. In response to the garnishment, Atlantic informed Overholt that Plaintiff was not employed by Atlantic.

**Count I**
**(Contribution/Indemnity)**

18. If Plaintiff sustained any damages through any fault other than his own, those damages arose as a result of the negligence, fault or other breach of duty of Springer.

19. If any judgment is recovered against Overholt, then Overholt will be damaged and entitled to indemnity and contribution, and should have judgment, including attorneys' fees, against Springer.

**Count II**
**(Negligence)**

20. Springer owed Overholt a duty of due care, in directing Overholt to garnish Plaintiff, to verify the veracity of the information it conveyed to Overholt.

21. Springer negligently directed Overholt to garnish Plaintiff and negligently failed to verify the veracity of the information it possessed about Plaintiff's relationship with Atlantic.

22. Springer's breach of duty caused Overholt to serve garnishment papers on Atlantic.

23. As a result of Springer's breach, Plaintiff has alleged statutory and actual damages against Overholt.

24. If any judgment is recovered against Overholt, then Overholt will be damaged and should have judgment, including attorneys' fees, against Springer.

Dated: July 14, 2000

**BRIGGS AND MORGAN, P.A.**

By Kristin R. Sankovitz
Timothy R. Thornton (#109630)
Kristin R. Sankovitz (#296776)
2400 IDS Center
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR DEFENDANT RALPH OVERHOLT**