UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Thomas Trevis,

Plaintiff,

v.

Civil No. 00-975 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

Ralph J. Overholt,

Defendant and
Third Party Plaintiff,

v.

Springer, Inc. d/b/a Springer Collections,

Third Party Defendant.

---

Peter F. Barry, The Barry Law Office, Ltd., Maplewood, Minnesota, for Plaintiff.

Timothy R. Thornton and Kristin R. Sankovitz, Briggs & Morgan, P.A., Minneapolis, Minnesota, for Defendant.

---

## Introduction

Plaintiff Thomas Trevis filed suit against Defendant Ralph J. Overholt, an attorney, alleging that Overholt violated the Fair Debt Collection Practices Act ("FDCPA") by serving garnishment papers on a business called Atlantic Press, Inc. ("Atlantic"). Before the Court is Overholt's Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will grant the motion and dismiss the Complaint.



DEC 08 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 08 2000
DEPUTY CLERK

**Background**

In January 1993, Plaintiff Thomas Trevis incurred a debt to Charles Metz consisting of rent and other charges under a lease for an apartment. (Sankovitz Aff. Ex. A (Dakota County Dist. Ct. Summons and Compl. captioned Chuck Metz v. Tom Jay Trevis).) On January 13, 1995, Ralph Overholt, an attorney, commenced a lawsuit in state court on Metz's behalf against Trevis for the debt. (Id. (Aff. of Serv. of Process on Trevis dated Jan. 13, 1995).) It appears that nothing happened regarding the collection of the debt for almost four years.

In 1999, an employee of Springer, Inc., a collection agency, attempted to reach Trevis by paging him during the work day. (See Compl. ¶ 7.) On the day he was paged, Trevis was servicing a machine at Atlantic. (Id.) Trevis was not, at that time, an employee of Atlantic and never has been. (Compl. ¶ 8 and Ex. A.) When Trevis saw that he had been paged by someone at the Springer collection agency, he called Metz from a telephone at Atlantic. (Compl. ¶ 9.) Overholt received information from either Metz or the Springer collection agency that Trevis worked at Atlantic. (See Compl. ¶¶ 12, 13.) In early August of 1999, Overholt prepared and served garnishment papers on Atlantic. (Compl. Ex. A.) Atlantic responded to the garnishment summons and complaint by completing a garnishment earnings disclosure stating that Trevis was not then employed at Atlantic and never had been. (Id.)

## Analysis

### I. Standard of Decision

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take as true the allegations contained in the complaint. Cooper v. Pate, 378 U.S. 546, 84 S. Ct. 1733 (1964) (per curiam). A complaint

> must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."

Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (quoting Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978)). Viewing the complaint in this manner, the court may dismiss a case under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 67, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).

Overholt has submitted an Affidavit of Kristin R. Sankovitz, to which are attached copies of pleadings from Metz's state court action against Trevis and various documents and correspondence between counsel involving this matter. With his opposition memorandum, Trevis submitted an affidavit regarding the circumstances of his

employment at the time the garnishment documents were served on Atlantic. Rule 12(b) provides that

> [i]f, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). A court deciding a motion to dismiss for failure to state a claim is permitted to consider material other than the complaint itself if the plaintiff's claims are based on the material. See Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Furthermore, documents that are matters of public record may be considered on a Rule 12(b)(6) motion. The Court determines that it will not convert Overholt's motion to one for summary judgment. The documents and affidavits submitted to the Court fall within the ambit of material that may be considered on a Rule 12(b)(6) motion except for the correspondence found as Exhibit C to the Sankovitz Affidavit. The Court will exclude that exhibit and evaluate Overholt's motion under the standard for Rule 12(b)(6) discussed above.

## II. Plaintiff's Complaint under the FDCPA

Trevis alleges that, by serving garnishment papers on Atlantic, "Overholt communicated private financial information regarding the Plaintiff to a third party" in violation of the FDCPA, (Compl. ¶ 14), and specifically violated § 1692b(2) of the

FDCPA (Compl. ¶ 17).[1] Section 1692b(2) provides

> Any debt collector communicating with any person other than the consumer for purposes of acquiring location information about the consumer shall –
>
> *****
>
> (2) not state that such consumer owes any debt;

15 U.S.C. § 1692b(2). The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7). Overholt has moved to dismiss the Complaint on the grounds that his service of garnishment papers on Atlantic was not done in an effort to obtain "location information" about Trevis. Rather, Overholt contends that the garnishment papers were served, as permitted by Minn. Stat. § 571.71, in order to aid in the collection of the debt alleged in Metz's action. Trevis responds that the garnishment summons was nothing more than "a shot in the dark attempt to locate [him] and his employer." (Pl.'s Mem. Opp'n Mot. to Dismiss at 4.)

Under Minnesota law, a creditor may issue a garnishment summons against

> any third party . . . at any time 40 days or more after service of the summons and complaint upon the debtor in the civil action when a judgment by default could have, but has not, been entered pursuant to Rule 55.01(a) of the Minnesota Rules of Civil Procedure for the District Courts.

Minn. Stat. § 571.71. The parties do not dispute that Overholt served garnishment papers

---

[1] Paragraph 17 of the Complaint alleges that "[t]he foregoing acts and omissions of Defendants [sic] constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ [sic] 1692b(2)."

on Atlantic more than forty days after Trevis had been served with a summons and complaint in the Dakota County collection action. Nor is there a dispute that Trevis never answered the Dakota County complaint; thus, his creditor could have obtained a default judgment against him. Overholt was authorized by statute to utilize the ancillary proceeding of garnishment to collect his client's debt. The purpose of a garnishment proceeding is to identify and freeze disposable earnings, indebtedness, money, or property belonging to the debtor that are within the garnishee's possession or under the garnishee's control so that the creditor can levy on those assets by a writ of execution and satisfy the debt. See generally Minn. Stat. § 571.72, subd. 2. Trevis asks the Court to read § 1692b of the FDCPA as including Overholt's garnishment proceeding within the scope of a communication made "for purposes of acquiring location information about the consumer." The Court concludes, however, that as a matter of law, a garnishment summons and complaint that is authorized by state statute (in this case, Minn. Stat. § 571.71), is a communication with a separate purpose from that described in 15 U.S.C. § 1692b. There being no set of facts from which a jury could find that the garnishment papers served on Atlantic were a communication made "for purposes of acquiring location information" about Trevis, the Court will dismiss Trevis's claim under § 1692b for failing to state a claim upon which relief can be granted.

Trevis alternatively argues in his opposition brief that, by serving the garnishment papers on Atlantic, Overholt violated three other provisions of the FDCPA: §§ 1692d,

1692e(5) and 1692f. Section 1692e(5) of the FDCPA provides that

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *****
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5). Section 1692d of the FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Trevis's complaint does not specifically allege that Overholt's conduct violated §§ 1692d, 1692e(5) or 1692f of the FDCPA. Overholt argues that it would be unjust to deny his motion to dismiss based on alleged violations of the FDCPA about which Overholt had received no notice in the Complaint. The Court agrees. It is well-settled that a pleading under Rule 8(a)(2) of the Federal Rules of Civil Procedure should give the opposing party fair notice of the nature of the claim and the factual basis and legal grounds therefor: "The claims need to be particularized sufficiently for the Defendant[] to prepare [his] defense and make a responsive pleading, and should insure that the Court is sufficiently informed to determine the issue presented, and to decide whether the

complaint states a claim upon which relief can be had." Eidson v. Arenas, 155 F.R.D. 215, 220 (M.D. Fla. 1994) (internal citations omitted). Nothing in the Complaint put either Overholt or the Court on notice that Trevis claimed that a reasonable person would find the garnishment harassing, oppressive, or abusive. Nor would the factual allegations in the Complaint sufficiently put Overholt or the Court on notice that Trevis claimed that the garnishment was an action that Overholt could not legally have taken. Finally, the Complaint fails to put Overholt or the Court sufficiently on notice that Trevis claimed that the garnishment summons was an unconscionable or unfair means for collecting the debt owed to Metz.[2]

Trevis filed the Complaint in this matter on April 14, 2000, to which Overholt filed an Answer on May 26, 2000. Overholt filed this instant motion to dismiss in October of 2000. Trevis has had ample opportunity to amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Trevis instead raised new factual and legal arguments in an opposition memorandum and supporting affidavit. The Court will not permit Trevis to amend his Complaint by means of a responsive memorandum. Alleged claims of violations of §§ 1692d, 1692e(5) and 1692f of the FDCPA will not prevent dismissal of the Complaint.

---

[2] The Court further concludes that, in light of the facts alleged in the Complaint and the documents out of which they arise, there is no set of facts Trevis can allege consistent with Overholt's authorized use of the garnishment proceeding as set forth in Minn. Stat. §§ 571.71 et seq. that could state a claim for relief under the additional provisions of the FDCPA asserted in his responsive memorandum.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein IT IS ORDERED that Defendant Ralph J. Overholt's Motion to Dismiss (Doc. No. 21) is GRANTED. The Complaint in this matter is DISMISSED WITH PREJUDICE.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: December 8, 2000

RICHARD H. KYLE
United States District Judge

[3] The December 11, 2000 settlement conference before Magistrate Judge John M. Mason is cancelled.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: DEC 08 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*